# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| POSEIDON CONCEPTS CORP., ) | Case No. 13-15893-HRT |
|     Debtor in Foreign Proceeding. ) | (*Jointly Administered*) |
| ) | |

## PRELIMINARY INJUNCTION ORDER

Upon the application (the "Application")[1] of PricewaterhouseCoopers Inc. ("PWC"), as the court-appointed monitor (the "Monitor") and authorized foreign representative of Poseidon Concepts Corp., Poseidon Concepts Ltd., Poseidon Concepts Limited Partnership and Poseidon Concepts Inc. (collectively referred to as the "PC Debtors") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding") under the Companies' Creditors Arrangement Act (the "CCAA"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order to show cause with temporary restraining order and a preliminary injunction (the "Preliminary Injunction"), and this Court having considered and reviewed: (i) the Application, the petition (the "Petition") pursuant to Section 1515 of the Bankruptcy Code for entry of an order recognizing the Canadian Proceeding as a foreign main proceeding; (iii) the Declaration of L.T. Roberts and the Declaration of Leigh Cassidy (the "Declarations") offered in support of the Application and the Petition; (iv) the initial order entered in the Canadian Proceeding on April 9, 2013 (the "CCAA Order"); and (v) all other documents filed in support thereof (together with the Application, Petition, Declarations and CCAA Order, the "Supporting Papers"), and this Court having heard the parties on April 25,

---

[1] Capitalized terms undefined herein shall have the meanings ascribed in the Application.

2004142000_1

2013, and based upon the representations made on the record at such hearing, this Court finds and concludes as follows:

- A. There is a substantial likelihood that the Monitor will be able to demonstrate that the Canadian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code and that the Monitor is a "foreign representative" of the debtor, as defined in Section 101(24) of the Bankruptcy Code;

- B. The commencement or continuation of any action or proceeding in the United States against the PC Debtors, the Monitor, in its role as foreign representative of the PC Debtors, or any of PC Debtors' assets or proceeds thereof should be enjoined pursuant to Sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditions and economical administration of the PC Debtors' estate in the Canadian Proceeding, and the relief requested either: (i) will not cause undue hardship to; or (ii) any hardship to parties in interest is outweighed by the benefits of the relief requested;

- C. Unless a preliminary injunction order issues, there is a material risk that the PC Debtors' assets could be subject to efforts by creditors in the United States to control or possess such assets. Such acts could: (i) interfere with the jurisdictional mandate of this Court under Chapter 15 of the Bankruptcy Code; (ii) interfere with and cause harm to the Canadian Proceeding; and (iii) undermine the PC Debtors and the Monitor's efforts to achieve an equitable result for the benefit of all of the PC Debtors' creditors. Accordingly, there is a material risk that PC Debtors may suffer immediate and irreparable injury for which it will have no adequate remedy at law and therefore it is necessary that the Court enter this Order;

- D. The interest of the public will be served by this Court's entry of this Order;

- E. The Monitor, in its role as foreign representative of the PC Debtors, and the PC Debtors, are entitled to the full protections and rights available pursuant to Section 1519(a) of the Bankruptcy Code; and

- F. The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in this case and is therefore waived.

THEREFORE, IT IS HEREBY ORDERED, that beginning on the date of this Order and continuing until further Order of this Court, all persons and entities are:

1. enjoined from: (i) commencing or continuing any legal proceeding (including, without limitation, arbitration, or any judicial, quasi judicial, administrative or regulatory action, proceeding or process whatsoever), including any discovery, or

       taking any other action (each, an "Action") against the Monitor, in its role as foreign representative of the PC Debtors, the PC Debtors, or the PC Debtors' United States assets or the proceeds thereof, rights, obligations, or liabilities; (ii) the enforcement of any judicial, quasi judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Monitor, in its role as foreign representative of the PC Debtors, the PC Debtors, or the PC Debtors' United States assets or the proceeds thereof; and (iii) the commencement or continuation of any Action to create, perfect or enforce any lien, setoff or other claim against the PC Debtors or against any of its assets or the proceeds thereof; provided, however, that no Action described in Sections 555, 556, 557, 559, 560, 561, 562 and 1519(d) and (f) of the Bankruptcy Code shall be enjoined by such preliminary injunction (the "Excepted Actions");

2. required, if plaintiff in an action in which the PC Debtors is or was named as a party, or as a result of which liability against the PC Debtors may be established, to place the Monitor's U.S. Counsel (as defined below) on the master service list of any such action or proceeding and take such other steps as may be necessary to ensure that such counsel receive: (i) copies of any and all documents served by the parties to such action or proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or proceeding, and (ii) any and all correspondence or other documents circulated to parties listed on the master service list; and

3. prohibiting all persons and entities other than the PC Debtors from possessing or exercising control over the PC Debtors' assets located in the United States, except as authorized in writing by the PC Debtors, by Order of this Court, or in the Canadian Proceeding.

     It is further ordered that nothing in this Order shall be deemed to prohibit or enjoin any civil action pending in the United States against third parties and non-PC Debtor entities or enjoin discovery as otherwise authorized against third parties and non-PC Debtor entities.

     It is further ordered that until further Order of this Court, the Monitor, in its role as foreign representative of the PC Debtors, and the PC Debtors, are entitled to the full protection and rights available pursuant to Section 1519(a) of the Bankruptcy Code, including:

       a. In accordance with and subject to the terms of the CCAA Order, the right and power of the PC Debtors to administer and/or realize all or part of the PC Debtors' assets located in the United States in order to protect and preserve the value of such assets;

       b. The right and power to transfer, encumber, or otherwise dispose of any assets of the PC Debtors is prohibited, except by the PC Debtors as provided in this Preliminary Injunction, the CCAA Order, or to facilitate the operation of the PC Debtors' business in the ordinary course; and

      c.      The right and power to seek additional relief that is available to a trustee except for relief available under Sections 522, 544, 545, 547, 548, 550, and 724(a) of the Bankruptcy Code.

Nothing in this Order shall be deemed to entrust or otherwise vest the PC Debtors or their assets to the Monitor, or provide the Monitor with any greater rights or obligations than those afforded to it under the CCAA Order.

It is further ordered that (i) any party in interest may make a motion seeking relief from, or modification of, this Preliminary Injunction, by filing a motion on not less than ten (10) business days notice to the U.S. Counsel (as defined below), seeking an order for such relief, and any such request shall be the subject of a hearing scheduled by the Court and (ii) any party in interest may file objections and be heard by the Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Monitor in this proceeding.

It is further ordered that, objections, if any, submitted for the purpose of opposing this Preliminary Injunction must be made in writing and shall be filed with this Court electronically by registered users of the Court's ECF System, with hard copy to the Chambers of the Honorable Howard R. Tallman, and served upon Brent R. Cohen, Esq., Rothgerber Johnson & Lyons LLP, 1200 17th Street, Suite 3000, Denver, CO 80202 (the "U.S. Counsel").

It is further ordered that pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

- 5 -

Dated: April 26th 2013.

                                            BY THE COURT

*Howard Tallman*

Howard R. Tallman, Chief
United States Bankruptcy Judge