# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| POSEIDON CONCEPTS CORP., ) | Case No. 13-15893 HRT |
| ) | |
| Debtor in foreign proceeding. ) | (*Jointly Administered*) |
| ) | |

**MONITOR'S FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM NOS. 8, 11, 16, 18, 22, 24, 30, 31, 33, 34, 38, 46-55, 58, 65 FILED IN CASE NO. 13-15893 HRT**

(Grounds for Objection: The subject claims duplicate other claims and/
or have been filed in the wrong case.)

PricewaterhouseCoopers Inc., as the court-appointed monitor (the "Monitor") and authorized foreign representative of Poseidon Concepts Corp., Poseidon Concepts Ltd., Poseidon Concepts Limited Partnership, and Poseidon Concepts Inc. (collectively referred to as the "PC Debtors") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding" or the "Canadian Court") under the Companies' Creditors Arrangement Act (the "CCAA"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, hereby files its Monitor's First Omnibus Objection to Proofs of Claim Nos. 8, 11, 16, 18, 22, 24, 30, 31, 33, 34, 38, 46-55, 58, 65 Filed in Case No. 13-15893 HRT (the "First Omnibus Objection") and objects to the Proof of Claims filed by Cole International, Baron Oilfield Supply, Big Block Picker, Ricoh Canada Inc., Boyden Global Executive Search, Siebenga Interior Design Consultants Inc., Canadian Pump & Compressor, Thomson Reuters (Markets) LLC, Poseidon's Underwriters, Entrec Corporation, The Banff Centre, BMO Nesbitt Burns Inc., Cannacord Genuity Corp., CIBC World Markets Inc., Cormark Securities Inc., Dundee Securities Ltd., First Energy Capital Corp., Haywood Securities Inc., National Bank Financial Inc., Peters & Co., National Bank of Canada, Persimmon Contracting, and United Farmers of Alberta Co-Operative Ltd., respectively, and states as follows:

## NOTICE TO CREDITORS

**THIS OBJECTION SEEKS TO DISALLOW THE CLAIM FILED BY YOU AND SCHEDULED IN PARAGRAPH 14 BELOW. PLEASE READ THIS OBJECTION CAREFULLY AND LOCATE IN PARAGRAPH 14 YOUR NAME, CLAIM NUMBER AND CLAIM TO IDENTIFY WHICH CLAIM IS OBJECTED TO, THE GROUNDS FOR THE OBJECTION, AND THE RECOMMENDED DISPOSITION OF YOUR CLAIM.**

**JURISDICTION AND BASIS FOR OMNIBUS OBJECTION**

1. This Court has jurisdiction over this Chapter 15 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (P) of the Bankruptcy Code.

2. This Omnibus Objection is filed pursuant to FED. R. BANKR. P. 3007(d) on the basis that the referenced claims duplicate other claims and/or have been filed in the wrong case.

**GENERAL BACKGROUND**

3. The PC Debtors initiated a proceeding under the CCAA on April 9, 2013. On April 9, 2013, the Canadian Court issued its CCAA Order.

4. On April 12, 2013, the Monitor filed four Chapter 15 petitions on behalf of the PC Debtors (collectively, the "US Proceedings"). On the same date, the Monitor filed its Motion for Order Directing Joint Administration of the Debtors' Cases (Docket No. 8). On April 15, 2013, the Court entered its Order Directing Joint Administration of the PC Debtors' Chapter 15 Cases (Docket No. 12).

5. In conjunction with the US Proceedings, the Monitor, as the foreign representative in each case, also filed Petitions for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the Bankruptcy Code and Related Relief (Docket No. 3) (the "Petitions for Recognition"). On May 15, 2013, the Court entered its Order Granting Recognition as a Foreign Main Proceeding and Related Relief (Docket No. 60).

6. On September 26, 2013, the Monitor submitted his Sixteenth Report to the Canadian Court (the "Sixteenth Report"). The Sixteenth Report accompanied the Monitor's Application to: (1) Extend Stay, and (2) Enhance Monitor Powers. As reflected in the Sixteenth Report, the Monitor anticipated at that time that the remaining directors of the PC Debtors intended to resign. In light of this, the Monitor sought an expansion of its powers for purposes of obtaining the necessary authority to complete administration of the CCAA Proceeding.

7. On September 30, 2013, the Canadian Court entered its Order (Expansion of Monitor's Powers). The Monitor filed his Notice of Change of Status Pursuant to 11 U.S.C. § 1518 on October 15, 2013 (Docket No. 160) reflecting the expansion of his powers by the Canadian Court.

8. On June 21, 2013, the Monitor filed a Motion to Set Bar Date for Filing Proofs of Claim (Docket No. 126). The Court entered its Order Granting Debtor's Motion to Set Bar Date for Filing Proofs of Claim (Docket No. 129) on June 27, 2013. The claim bar date was set for August 22, 2013.

9. The number of claims that have been filed in each of the US Proceedings are broken down as follows:

| | | |
|---|---|---|
| Poseidon Concepts Corp. | Case No. 13-15893 HRT | 71 |
| Poseidon Concepts Ltd. | Case No. 13-15894 HRT | 2 |
| Poseidon Concepts Limited Partnership | Case No. 13-15895 HRT | 2 |
| Poseidon Concepts, Inc. | Case No. 13-15896 HRT | 9 |

10. Some of the claims have been settled. Duplicate claims were filed in more than one case. Some creditors, whose basis of operations is in Canada ("Canadian Creditor"), filed duplicate claims in the Canadian Proceeding and the US Proceedings. Other Canadian Creditors filed claims only in the US Proceedings. Certain other claims are procedurally or substantively defective.

11. On March 27, 2015, the Monitor filed its Motion for Approval of Claims Procedures (Docket No. 220), which the Court granted on April 28, 2015 (Docket No. 230) (the "Claims Procedures Order").

12. Among other things, the Claims Procedures Order provides that 11 U.S.C. §§ 501, 502, 505, 506, 509, and 510, along with the Federal Rules of Bankruptcy Procedure that are consistent with the order, apply to the proofs of claim filed in the US Proceedings.

13. FED. R. BANKR. P. 3007(d) sets forth the grounds for omnibus objections:

[O]bjections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

(1) they duplicate other claims;
(2) they have been filed in the wrong case;
(3) they have been amended by subsequently filed proofs of claim;
(4) they were not timely filed;
(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
(6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
(7) they are interests, rather than claims; or they assert priority in an amount that exceeds the maximum amount under § 507 of the Code."

FED. R. BANKR. P. 3007(d).

## OBJECTION

14. On May 27, 2014, the Canadian Court entered its Claims Process Order, which sets forth the process by which Canadian Creditors are to submit their proofs of claim (the "Canadian Claims Process Order"). A copy of the Canadian Claims Process Order is attached as **Exhibit A**.

15. While the Canadian Claims Process Order does not require United States creditors to file a Proof of Claim (Ex. A, p. 5, ¶ 3(j)) in the Canadian Proceeding, any claim of a Canadian Creditor not proven in accordance with the procedure articulated in the Canadian Claims Process Order shall "be forever barred, released and extinguished." (*Id*., p. 4, ¶ 3(d).)

16. Accordingly, Canadian Creditors who have filed their claims in the US Proceedings have done so in violation of the Canadian Claims Process Order. Their proper venue is the Canadian Proceeding.

17. Pursuant to FED. R. BANKR. P. 3007(d)(1) and (2), the Monitor objects to the following Proofs of Claim on the ground that they duplicate other claims and/or were filed in the wrong case. The Proofs of Claim are invalid in their entirety and should be expunged from the Claims Register.

| Claim No. | Creditor | Amount | Pages Pertinent to Stated Grounds | Filed in Canadian Proceeding | Should Have Been Filed in Canadian Proceeding |
|---|---|---|---|---|---|
| 38 | Banff Centre, The | $4,105.50 | 4-5 | X | X |
| 11 | Baron Oilfield Supply | $3,839.80 | 4-5 | | X |
| 16 | Big Block Picker | $72,882.76 | 4-5 | | X |
| 46 | BMO Nesbitt Burns Inc. | Unliquidated | 4-5 | X | X |
| 22 | Boyden Global Executive Search | $150,150.00 | 4-5 | | X |
| 30 | Canadian Pump & Compressor | $5,159.70 | 4-5 | | X |
| 47 | Cannacord Genuity Corp. | Unliquidated | 4-5 | X | X |
| 48 | CIBC World Markets Inc. | Unliquidated | 4-5 | X | X |
| 8 | Cole International | $315.00 | 4-5 | | X |
| 49 | Cormark Securities Inc. | Unliquidated | 4-5 | X | X |
| 50 | Dundee Securities Ltd. | Unliquidated | 4-5 | X | X |
| 34 | Entrec Corporation | $4,044.78 | 4-5 | | X |

| 51 | First Energy Capital Corp. | Unliquidated | 4-5 | X | X |
| 52 | Haywood Securities Inc. | Unliquidated | 4-5 | X | X |
| 53 | National Bank Financial Inc. | Unliquidated | 4-5 | X | X |
| 55 | National Bank of Canada | Unliquidated | 4-5 | X | X |
| 58 | Persimmon Contracting | $33,606 | 4-5 | X | X |
| 54 | Peters & Co. | Unliquidated | 4-5 | X | X |
| 18 | Ricoh Canada Inc. | $4,092.51 | 4-5 |   | X |
| 24 | Siebenga Interior Design Consultants Inc. | $2,459.52 | 4-5 |   | X |
| 33 | Poseidon's Underwriters | $1.00 | 4-5 | X | X |
| 31 | Thomson Reuters (Markets) LLC | $52,367.35 | 4-5 |   | X |
| 65 | United Farmers of Alberta Co-Operative | $32,331.26 | 4-5 |   | X |

18.     Each Proof of Claim in the table above was filed by a Canadian Creditor that is a creditor in the Canadian Proceeding.

19.     Moreover, all of the claims have either already been filed in the Canadian Proceeding (as noted above) or should have been filed in the Canadian Proceeding pursuant to the procedures set forth in the Canadian Claims Process Order, rather than the US Proceedings. Thus, these claims are duplicative, have been filed in the wrong case, or both. *See* FED. R. BANKR. P. 3007(d)(1), (2).

20.     Accordingly, the Proofs of Claim are invalid and should be expunged.

## RESERVATION OF RIGHTS

21.     The Monitor hereby reserves the right to further object to Proof of Claim Nos. 8, 11, 16, 18, 22, 24, 30, 31, 33, 34, 38, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 58, and 65 in the future on any additional ground, and to amend, modify and/or supplement this Objection.

WHEREFORE, the Monitor respectfully requests that the Court enter an order disallowing and expunging Proof of Claim Nos. 8, 11,[1] 16, 18, 22, 24, 30, 31, 33, 34, 38, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 58, and 65 filed in Case No. 13-15893 HRT, and for such other and further relief as is appropriate.

Dated this 9th day of June, 2015.

LEWIS ROCA ROTHGERBER LLP

*/s/ Chad S. Caby*
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 623-9000
E-mail: bcohen@LRRLaw.com
ccaby@LRRLaw.com

*Attorneys for the Monitor PricewaterhouseCoopers Inc.*

---

[1] The Monitor is also objecting to Claim No. 11 in its Second Omnibus Objection.

2005356250_1 - 6 -

|  |  |
|---|---|
|  | CLERK'S STAMP |
| COURT FILE NUMBER | 1301 – 04364 |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| APPLICANTS | IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED |
|  | AND IN THE MATTER OF POSEIDON CONCEPTS CORP., POSEIDON CONCEPTS LTD., POSEIDON CONCEPTS LIMITED PARTNERSHIP AND POSEIDON CONCEPTS INC. |
| DOCUMENT | **CLAIMS PROCESS ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | **BENNETT JONES LLP** Barristers and Solicitors 4500, 855 – 2nd Street SW Calgary, Alberta T2P 4K7 |

Attention:        Ken Lenz
Telephone No.:   (403) 298-3317
Facsimile No.:   (403) 265-7219
Client File No.:  11866.66

| DATE ON WHICH ORDER WAS PRONOUNCED: | Tuesday, May 27, 2014 |
|---|---|
| LOCATION WHERE ORDER WAS PRONOUNCED: | Calgary |
| NAME OF JUSTICE WHO MADE THIS ORDER: | Mr. Justice P. R. Jeffrey on the Commercial Duty List |

WSLegal\011866\00066\10425180v3

Exhibit A

UPON the application of the Monitor, PricewaterhouseCoopers Inc. ("PWC") who acts on its own behalf and with enhanced powers to act for the Applicants, Poseidon Concepts Corp., Poseidon Concepts Ltd., Poseidon Concepts Limited Partnership and Poseidon Concepts Inc. ("Poseidon") and the consent of The Toronto-Dominion Bank, as agent for a syndicate comprised of Toronto-Dominion Bank, National Bank of Canada, The Bank of Nova Scotia and HSBC Bank Canada (the "Lending Syndicate"), hearing counsel for the Applicants, the Monitor and the Lending Syndicate; AND UPON having read the Eighteenth Monitor's Report, and the pleadings and proceedings filed in this action;

IT IS HEREBY ORDERED AND DECLARED THAT:

1. Time for service of the application for this order is hereby abridged and service is deemed good and sufficient.

2. For the purpose of this Order, "claim" includes, without limitation, any right or claim of any Person that may be asserted or made in whole or in part against the Applicants or any of them, against any of the Applicants' present or former directors and officers, resulting from, relating to or in respect of dealings with the Applicants or any of them prior to April 9, 2013 (the "Filing Date"), whether or not asserted or made, in connection with any indebtedness, liability or obligation of any kind whatsoever, and any interest accrued thereon or costs payable in respect thereof, including by reason of the commission of a tort (intentional or unintentional), by reason of any breach of contract or other agreement (oral or written), by reason of any breach of duty (including any legal, statutory, equitable or fiduciary duty) or by reason of any right of ownership of or title to property or assets or right to a trust or deemed trust (statutory, express, implied, resulting, constructive or otherwise), and whether or not any indebtedness, liability or obligation is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, unsecured, present or future, known or unknown, by guarantee, surety or otherwise, and whether or not any right or claim is executory or anticipatory in nature, including any right or ability of any person (including any of the Applicants' directors and officers) to advance a claim for contribution or indemnity or otherwise with respect to any matter, action, cause or chose in action, whether existing at

present or which may be commenced in the future, which indebtedness, liability or obligation, and any interest accrued thereon or costs payable in respect thereof (A) is based in whole or in part on facts prior to the Filing Date, (B) relates to a time period prior to the Filing Date, or (C) would be a right or claim of any kind that would be a claim provable in bankruptcy within the meaning of the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, had the respective Applicant been bankrupt on the Filing Date, and including, without limiting the generality of the foregoing, any equity claim within the meaning of section 2(1) of the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA").

3. The following claims process is hereby ordered and approved:

   a) on or before June 6, 2014, an advertisement shall be published on two different days in each of the *Calgary Herald* and the *Edmonton Journal*, seeking claims;

   b) on or before May 30, 2014, a claims package and Proof of Claim, substantially in the form appended to the Eighteenth Monitor's Report as Appendix "B", along with a copy of this Order (the "Claims Process Order"), will be sent by regular mail to each known Canadian creditor of the Applicants and by courier, facsimile or email to each known non-U.S./international creditor of the Applicant who, in the opinion of the Monitor, may have a claim, provided that the Monitor is not required to send a claims package, Proof of Claim or a copy of this Claims Process Order to Class Members (as defined below) and service of these materials on Class Action counsel shall be good and sufficient service for these parties, unless that person delivered an opt-out letter in accordance with the Representation Order;

   c) any person who may have a claim shall prepare a Proof of Claim substantially in the form appended to the Eighteenth Monitor's Report as part of Appendix "B", and serve it on the Monitor either in person at PricewaterhouseCoopers Inc., 3100 Suncor Energy Centre 111 - 5 Ave SW Calgary, AB T2P 5L3, Attention: Clinton Roberts, on or before 5:00 p.m. Calgary time, July 10, 2014 (the "Claims Bar Date") or by email or fax as described in the claims package;

d)      any claim not proven in accordance with this procedure by the Claims Bar Date or otherwise allowed by the claims process shall, be forever barred, released and extinguished;

e)      the Monitor shall have until July 28, 2014 review the proofs of claim and the Monitor may allow or disallow all or any portion of a Claim, and communicate any disallowance to a Claim to the Claimant, and such communication will be referred to as a "Notice of Revision or Disallowance". The Notice of Revision or Disallowance shall be final and binding and conclusive unless the provisions of paragraph 2(f) of this Order are fulfilled;

f)      any Claimant will have ten (10) business days from the day of receipt of a Notice of Revision or Disallowance to file and serve on the Monitor's counsel, Bennett Jones LLP, 4500 Bankers Hall East, 855 - 2nd Street S.W., Calgary, AB, T2P 4K7, (Email: lenzk@bennettjones.com), Attention: Ken Lenz. a Notice of Dispute of the revision or disallowance;

g)      if necessary, the Monitor shall file and serve an application on or before August 30, 2014 to determine any unresolved disputed claims. Any such application may be adjourned by consent to a convenient time;

h)      where a claim has been allowed by the Monitor in accordance with this Order, such claim shall constitute such claimant's proven claim for the purposes of these proceedings, provided that the allowance of any claim or other determination of same in accordance with this Order, in full or in part, shall not constitute an admission of any fact, thing, liability, or quantum or status of any claim by any person for any purpose other than these CCAA proceedings;

i)      for certainty and in furtherance of the Representation Order pronounced in these proceedings on May 30, 2013, the Class Action Plaintiffs (as defined in the Representation Order) are authorized to file, on or before the Claims Bar Date, one or more representative proofs of claim (the "Representative Claims") on behalf of the Class Members (as defined in the Representation Order) and, for

   greater certainty, may do so notwithstanding that leave to make secondary market liability claims has not be granted, that the Class Actions have not yet been certified, and that a particular claim may not be expressed in the Class Actions, provided that nothing herein shall prejudice the position of any person in connection with any proceedings pursuant to class proceedings or securities legislation; and

  j) for certainty, nothing in this Order is intended to require filing of a Proof of Claim by United States Creditors, or extend the Claims Bar Date that has already passed in that jurisdiction.

4. The Monitor, or the Lending Syndicate may appear for further clarification or amendment of this Claims Process Order.

5. Nothing in this Order shall prejudice the rights and remedies of any of the Applicants' directors or officers or other persons under any existing insurance policy or prevent or bar any person from seeking recourse against or payment from the Applicants' insurance or any director's and/or officer's liability insurance policy or policies that exist to protect or indemnify the directors and/or officers or other persons, whether such recourse or payment is sought directly by the person asserting a claim from the insurer or derivatively through the director or officer or an Applicant; provided, however, that nothing in this order shall create any rights in favour of such person under any policies of insurance nor shall anything in this Order limit, remove, modify or alter any defence to such claim available to the insurer pursuant to the provisions of any insurance policy or at law.

6. This Court hereby requests the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada, the United States, or in any other foreign jurisdiction, to give effect to this Order and to assist the Applicants, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants and to the Monitor, as an officer of the Court, as may be necessary or desirable to give effect to this Order, to grant

representative status to the Monitor in any foreign proceeding, or to assist the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

_____
J.C/C.Q.B.A.