# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| POSEIDON CONCEPTS CORP., ) | Case No. 13-15893 HRT |
| ) | |
| Debtor in foreign proceeding. ) | (*Jointly Administered*) |
| ) | |

## MONITOR'S THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM NOS. 5, 21, 26, 45, 59-62 FILED IN CASE NO. 13-15893 HRT

(Grounds for Objection:  the proofs of claim have been fully satisfied or resolved)

PricewaterhouseCoopers Inc., as the court-appointed monitor (the "Monitor") and authorized foreign representative of Poseidon Concepts Corp., Poseidon Concepts Ltd., Poseidon Concepts Limited Partnership, and Poseidon Concepts Inc. (collectively referred to as the "PC Debtors") in the proceeding pending in the Court of Queen's Bench of Alberta, Canada (the "Canadian Proceeding" or the "Canadian Court") under the Companies' Creditors Arrangement Act (the "CCAA"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, hereby files its Monitor's Third Omnibus Objection to Proofs of Claim Nos. 5 (Valley Crest Crane & Rigging LLC), 21 (KCK Transport, Inc.); 26 (Bighorn Construction and Reclamation Inc.),  45 (King Oil Field Services LLP), 59 (Mountain Man Welding & Fabrication, Inc.), 60 (Tanks-A-Lot Inc.), 61 (Mountain Man Welding & Fabrication, Inc.), and 62 (Mountain Man Welding & Fabrication, Inc.) filed in Case No. 13-15893 HRT (the "Third Omnibus Objection"), and states as follows:

## NOTICE TO CREDITORS

**THIS OBJECTION SEEKS TO DISALLOW THE CLAIM FILED BY YOU AND SCHEDULED IN PARAGRAPH 16 BELOW.  PLEASE READ THIS OBJECTION CAREFULLY AND LOCATE IN PARAGRAPH 16 YOUR NAME, CLAIM NUMBER AND CLAIM TO IDENTIFY WHICH CLAIM IS OBJECTED TO, THE GROUNDS FOR THE OBJECTION, AND THE RECOMMENDED DISPOSITION OF YOUR CLAIM.**

## JURISDICTION AND BASIS FOR OMNIBUS OBJECTION

1. This Court has jurisdiction over this Chapter 15 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b).  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (P) of the Bankruptcy Code.

2. This Omnibus Objection is filed pursuant to FED. R. BANKR. P. 3007(d)(5) on the basis that the referenced claims have been fully satisfied or otherwise resolved pursuant to Court-approved settlement agreements.

**GENERAL BACKGROUND**

3. The PC Debtors initiated a proceeding under the CCAA on April 9, 2013. On April 9, 2013, the Canadian Court issued its CCAA Order.

4. On April 12, 2013, the Monitor filed four Chapter 15 petitions on behalf of the PC Debtors (collectively, the "US Proceedings"). On the same date, the Monitor filed its Motion for Order Directing Joint Administration of the Debtors' Cases (Docket No. 8). On April 15, 2013, the Court entered its Order Directing Joint Administration of the PC Debtors' Chapter 15 Cases (Docket No. 12).

5. In conjunction with the US Proceedings, the Monitor, as the foreign representative in each case, also filed Petitions for Recognition as Foreign Main Proceeding Pursuant to Sections 1515 and 1517 of the Bankruptcy Code and Related Relief (Docket No. 3) (the "Petitions for Recognition"). On May 15, 2013, the Court entered its Order Granting Recognition as a Foreign Main Proceeding and Related Relief (Docket No. 60).

6. On September 26, 2013, the Monitor submitted his Sixteenth Report to the Canadian Court (the "Sixteenth Report"). The Sixteenth Report accompanied the Monitor's Application to: (1) Extend Stay, and (2) Enhance Monitor Powers. As reflected in the Sixteenth Report, the Monitor anticipated at that time that the remaining directors of the PC Debtors intended to resign. In light of this, the Monitor sought an expansion of its powers for purposes of obtaining the necessary authority to complete administration of the CCAA Proceeding.

7. On September 30, 2013, the Canadian Court entered its Order (Expansion of Monitor's Powers). The Monitor filed his Notice of Change of Status Pursuant to 11 U.S.C. § 1518 on October 15, 2013 (Docket No. 160) reflecting the expansion of his powers by the Canadian Court.

8. On June 21, 2013, the Monitor filed a Motion to Set Bar Date for Filing Proofs of Claim (Docket No. 126). The Court entered its Order Granting Debtor's Motion to Set Bar Date for Filing Proofs of Claim (Docket No. 129) on June 27, 2013. The Claim Bar Date was set for August 22, 2013 (the "Claim Bar Date").

9. The number of claims that have been filed in each of the US Proceedings are broken down as follows:

| | | |
|---|---|---|
| Poseidon Concepts Corp. | Case No. 13-15893 HRT | 71 |
| Poseidon Concepts Ltd. | Case No. 13-15894 HRT | 2 |
| Poseidon Concepts Limited Partnership | Case No. 13-15895 HRT | 2 |
| Poseidon Concepts, Inc. | Case No. 13-15896 HRT | 9 |

10. Some of the claims have been settled through Court-approved settlement agreements. Duplicate claims were filed in more than one case. Some creditors, whose basis of operations is in Canada ("Canadian Creditor"), filed duplicate claims in the Canadian Proceeding and the US Proceedings. Other Canadian Creditors filed claims only in the US Proceedings. Certain other claims are procedurally or substantively defective.

11. On March 27, 2015, the Monitor filed its Motion for Approval of Claims Procedures (Docket No. 220), which the Court granted on April 28, 2015 (Docket No. 230) (the "Claims Procedures Order").

12. Among other things, the Claims Procedures Order provides that 11 U.S.C. §§ 501, 502, 505, 506, 509, and 510, along with the Federal Rules of Bankruptcy Procedure that are consistent with the order, apply to the proofs of claim filed in the US Proceedings.

13. FED. R. BANKR. P. 3007(d) sets forth the grounds for omnibus objections:

[O]bjections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:

(1) they duplicate other claims;
(2) they have been filed in the wrong case;
(3) they have been amended by subsequently filed proofs of claim;
(4) they were not timely filed;
(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;
(6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
(7) they are interests, rather than claims; or they assert priority in an amount that exceeds the maximum amount under § 507 of the Code."

FED. R. BANKR. P. 3007(d).

## OBJECTION

14. A creditor's claim is not to be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under ... applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). "That provision should be read as meaning that the estate is entitled to invoke any defense it would have to paying the claim under 11 U.S.C. § 558, including any defense the debtor would have based on payment of the claim in full." *In re Rock Creek Int'l Sch.*, No. 07-00272, 2008 WL 5076976, at *1 (Bankr. D.D.C. Oct. 10, 2008) (unreported).

15. Thus, FED. R. BANKR. P. 3007(d)(5) "provid[es] that objections to claims may be on the ground that the claims 'have been satisfied or released during the case in accordance with the Code, or applicable rules, or a court order.'" *Id.*

16. Pursuant to FED. R. BANKR. P. 3007(d)(5), the Monitor objects to the following Proofs of Claim on the ground that they have been satisfied fully or resolved pursuant to Court order.

| Claim No. | Creditor | Amount | Pages Pertinent to Stated Grounds | Date Filed | Court-Approved Settlement Docket No. |
|---|---|---|---|---|---|
| 26 | Bighorn Construction and Reclamation Inc. | $84,887.81 | 3-4 | 08/05/13 | 208 |
| 21 | KCK Transport, Inc. | $55,250.00 | 3-4 | 07/26/13 | 206 |
| 45 | King Oil Field Services LLP | $568,242.67 | 3-4 | 08/22/13 | 207 |
| 59 | Mountain Man Welding & Fabrication, Inc. | $67,716.17 | 3-4 | 08/22/13 | 227 |
| 61 | Mountain Man Welding & Fabrication, Inc. | $67,716.17 | 3-4 | 08/22/13 | 227 |
| 62 | Mountain Man Welding & Fabrication, Inc. | $67,716.17 | 3-4 | 08/22/13 | 227 |
| 60 | Tanks-A-Lot Inc. | $543,330.00 | 3-4 | 08/22/13 Amended 09/05/13 | 209 |
| 5 | Valley Crest Crane & Rigging LLC | $124,000.00 | 3-4 | 07/05/13 | 210 |

17. The Monitor has fully satisfied the claims set forth above according to the terms of the respective Court-approved settlement agreements. Accordingly, the Proofs of Claim are invalid and should be expunged.

## RESERVATION OF RIGHTS

18. The Monitor hereby reserves the right to further object to Proof of Claim Nos. 5, 21, 26, 45, 59-62 in the future on any additional ground, and to amend, modify and/or supplement this Objection.

WHEREFORE, the Monitor respectfully requests that the Court enter an order disallowing and expunging Proof of Claim Nos. 5, 21, 26, 45, 59-62 filed in Case No. 13-15893 HRT, and for such other and further relief as is appropriate.

Dated this 25th day of June, 2015.

LEWIS ROCA ROTHGERBER LLP

*/s/ Chad S. Caby*
Brent R. Cohen, No. 11297
Chad S. Caby, No. 30927
1200 17th Street, Suite 3000
Denver, CO 80202
Telephone:  (303) 623-9000
E-mail:  bcohen@LRRLaw.com
ccaby@LRRLaw.com

*Attorneys for the Monitor PricewaterhouseCoopers Inc.*